FILED
MAY 13 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| KIRK J. MADSEN, | CIV 04-1024 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION REMANDING SOCIAL SECURITY APPEAL |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of defendant's final decision denying plaintiff's claim. Plaintiff filed an application for Social Security disability insurance ("SSD") benefits on June 21, 2002. His application was denied by an administrative law judge ("ALJ") on March 2, 2004. The Appeals Council issued its final order on September 24, 2004, denying benefits. Plaintiff filed a second application for SSD benefits on September 24, 2004. Plaintiff received a notification on or about January 28, 2005, that his application was approved. The Commissioner made a finding that plaintiff became disabled on March 3, 2004, which date is one day after the ALJ issued a decision on the first application finding "no disability."

Based upon an apparent inconsistency, defendant filed a motion (Doc. 18) for entry of a judgment with an order of reversal and remand to the Commissioner for further administrative proceedings. Plaintiff objects, contending that there is ample evidence in the record to support his claim for SSD benefits and, therefore, this Court should enter an order reversing the ALJ's initial finding of non-entitlement and directing the Commissioner to award plaintiff benefits for the period of June 21, 2002, to March 2, 2004.

On appeal, this Court may affirm, modify, or reverse the Commissioner's decision with or without a remand to the ALJ for further proceedings. 42 U.S.C. § 405(g). The ALJ's findings should be affirmed if supported by substantial evidence on the record as a whole. Baker v. Apfel,

159 F.3d 1140, 1144 (8th Cir. 1998). "We may not reverse merely because substantial evidence would have supported an opposite decision." Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995).

In evaluating a claim for disability benefits, the Commissioner is to use a five-step sequential evaluation and determine:

(1) whether the claimant is presently engaged in a "substantial gainful activity;"
(2) whether the claimant has a severe impairment – one that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience);
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

Cox v. Apfel, 160 F.3d 1203, 1206 (8th Cir. 1998); see 20 C.F.R. § 404.1520 (SSD rules) and § 416.920 (SSI rules) (1998). The ALJ did not specifically refer to the five step evaluation but did make a finding that, based on the testimony of a vocational expert and using the medical-vocational guidelines, there are a significant number of jobs present in the national economy at the light and sedentary exertional levels that the plaintiff can perform.

Plaintiff contends that (1) the ALJ did not consider the combined effect of all of his impairments in determining, at step 3, that he did not have a listed impairment, (2) the ALJ erroneously looked to the listing of impairments as strict regulations and not as mere guidance, (3) the ALJ failed to take into consideration certain evidence or to indicate why certain evidence was disregarded in determining that, at step 3, the plaintiff did not have a listed impairment, and (4) the ALJ failed to take into consideration certain evidence in determining, at step 5, his residual functional capacity. When the Commissioner erroneously denies benefits based on the Medical-Vocational Guidelines, ordinarily the matter should be remanded for further proceedings. Gude v. Sullivan, 956 F.2d 791, 796 (8th Cir. 1992). However, where the record

"convincingly establishes disability" (Id.), the ALJ need not be given another chance to review the evidence, as this could result in a further delay of benefits. Gude v. Sullivan, 956 F.2d at 796.

The Commissioner's recent determination that the plaintiff is disabled and that his disability commenced no later than March 3, 2004, was presumably based upon evidence which is not in the present administrative record now before the Court. The Appeals Council considered additional evidence from June and July of 2004, concerning the plaintiff's current (post March 2, 2004) medical condition in reviewing the ALJ's March 2, 2004, decision. The Appeals Council specifically ruled that those records did not affect the ALJ's decision about whether the plaintiff was disabled on or before March 2, 2004. Unless there were additional earlier records available to the Commissioner in conjunction with his second claim, the Commissioner's two decisions (the first denying he was disabled on March 2, 2004, and the second finding that he was disabled as of March 3, 2004) are also entirely inconsistent.

Defendant concedes that the administrative law judge (ALJ) did not properly assess whether plaintiff performed substantial gainful activity in 1997, did not properly evaluate plaintiff's mental limitations, did not properly evaluate plaintiff's residual functional capacity to include his exertional and non-exertional limitations, and did not adequately address whether plaintiff could perform other jobs. The court accepts and agrees with these concessions.

Plaintiff has filed and served a motion for specific instructions in the order of remand (Doc. 20). Plaintiff agrees that the matter should be remanded. The Commissioner's decision should be reversed. The motion to remand should be granted with certain instructions.

Upon remand, the Appeals Council should consider, *inter alia*, and decide whether plaintiff's combined impairments equal Listing 12.05C. If they do, the Appeals Council should award a period of disability and benefits based upon the date of onset to the extent that the date of onset is supported by substantial evidence now in the record. If there appears to be any reasonable basis to find that the onset date may have been earlier, the Appeals Council shall cause an ALJ to take additional evidence and decide whether an earlier date of onset exists by substantial evidence.

On this remand, whether or not the matter is further submitted to an ALJ, the plaintiff's mental limitations shall be taken into account pursuant to Shontos v. Barnhart, 328 F.3d 418, 424-25 (8th Cir. 2003). The POMS guidelines must be considered and applied. All medical evidence as to the plaintiff, including mental impairments in combination, is to be considered and properly utilized. Upon remand, a proper and full assessment shall be made and explained as to the following: whether plaintiff performed substantial gainful activity in 1997, what were the plaintiff's mental limitations, what the plaintiff's residual functional capacity is, including exertional and non-exertional limitations, and whether plaintiff could perform work on a regular and continuing basis (the latter as required by SSR 96-8P and McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982 *en banc*). A medical expert should be used to assist in determining medical equivalence. 20 CFR §§ 404.1526(b) and (c) and 416.926(b) and (c). Any decision on remand shall explain fully any findings that support any conclusion at Step Four that certain jobs meet "past relevant work" criteria.

The ALJ also failed to specifically find that the plaintiff can work full time as required in Bladow v. Apfel, 205 F.3d 356 (8th Cir. 2000). In Bladow, the Eighth Circuit discussed Kelly v. Apfel, 185 F.3d 1211 (11th Cir. 1999), which noted that it is the Commissioner's position that "only an ability [on the part of the claimant] to do full-time work will permit the ALJ to render a decision of not disabled." *Id.* at 1214. Apparently, the Commissioner's policy interpretation was based upon Social Security Ruling (SSR) 96-8p, which provides that residual functional capacity "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Bladow, 205 F.3d at 359. There was no finding in this case that the plaintiff could work an eight hour day as described in and required by Bladow.

Based upon the record herein,

IT IS ORDERED as follows:

1) The Commissioner's decision in this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g).

2) The motion to remand (Doc. 18) for additional administrative proceedings is granted.

4

3) The clerk shall enter a separate judgment pursuant to Fed.R.Civ.P. 58.

4) The Commissioner, the Appeals Council and any ALJ shall comply with the directions as set forth above.

Dated this 13th day of May, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Daephe
DEPUTY
(SEAL)